Mr. Justice Olin
delivered the opinion of the court:
We have no doubt that a court of equity, according to the facts stated in the bill of complaint, had no jurisdiction in this case. It is nowhere averred in the bill that the defendants were doing or threatening to do anything which by law they were not authorized to do, or that they were doing the work in such a careless manner as to unnecessarily interfere with the rights of the complainant.
Undoubtedly the complainant had the right to lay down the track of its road where at present located under and in pursuance of the acts of Congress passed for that purpose; and it is equally clear that the Board of Public Works or the Commissioners of the District had a right to construct a sewer, if deemed necessary for the comfort or health of the people of the District, under the track of the complainant. The only obligation imposed upon the Commissioners or Gallaher, Loane & Co., was to do the work of constructing the sewer in such manner as not unnecessarily to interfere with the rights of the complainant. In other words, the, complainant has the right to run their cars over the track of their road-; *257 the District has the right to build a sewer under the track of complainant’s road; in the exercise of these rights neither party must do the other any unnecessay damage.
The complainant was no party to the contract made between the Board of Public Works and Gallaher, Loane & Co., for the construction of this sewer, and had no more right to interfere with its execution than had every traveller who had occasion to pass over the public street upon which the track of the complainant’s road was laid. The complainant had no exclusive right to the use of the street. It had, at most, an easement to be enjoyed in common with the public.
We have before stated that we were of the opinion that a court of equity had no jurisdiction in this case. Conceding all of the facts stated in the bill to be time, whether the defendants ought to have appealed to the court in banc from the first order made in this case at special term, it is now unnecessary to inquire. .
Probably that order was not an appealable one, as it did not necessarily involve the merits of the action. Such interlocutory orders, when they affect the merits of the case, may be considered on the hearing of a final decree, or reviewed on appeal to the court in banc. The first order made in this case by which the contractors, Gallaher & Co., were turned over to the tender mercies of the engiueer of the complainant, and compelled to build such an archway under the railway track as he should direct, is an exemplification of the old fable, in which it is said a lamb was handed over to a wolf to be nursed. Under this order the contractors, under the-direction of the engineer of the complainant, expended am amount of money seemingly sufficient to have built a railroad half-way through the District.
We think the decree in this case should be reversed, and an order made appointing some competent engineer to take proofs of the reasonable and necessary costs of constructing a sewer under the tracks of the complainant’s road, and the amount found necessary for that purpose to be paid by the *258 contractors, and the amount expended above that sum should be paid by the complainant.